IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

STATE OF TENNESSEE v. MIKO T. BURL

Appeal from the Criminal Court for Shelby County
No. 99-01973     Glenn Ivy Wright, Judge

No. W2017-01911-CCA-R3-CD

The Appellant, Miko T. Burl, is appealing the trial court's denial of his motion to correct an illegal sentence. The State has filed a motion asking this Court to affirm pursuant to Court of Criminal Appeals Rule 20. Said motion is hereby granted.

**Tenn. R. App. P. 3 Appeal as of Right; Order of the Trial Court Affirmed Pursuant to Court of Criminal Appeals Rule 20**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ. joined.

Miko T. Burl, *pro se*.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General, for the Appellee, State of Tennessee.

**MEMORANDUM OPINION**

In 2000, the Appellant was convicted of aggravated assault, aggravated burglary and especially aggravated robbery. The trial court sentenced the Appellant as a standard Range I offender to twenty-five years for the especially aggravated robbery conviction and four years each for the other two convictions, all to be served concurrently. On direct appeal, this Court reversed the aggravated assault conviction but affirmed the other two convictions. *State v. Miko T. Burl*, No. W2000-02074-CCA-R3-CD, 2002 WL 1483207 (Tenn. Crim. App. Jan. 28, 2002). The denial of the Appellant's first motion to correct an illegal sentence was affirmed on appeal by this Court on February 22, 2017. *State v. Miko Burl*, No. W2016-00670-CCA-R3-CD (Tenn. Crim. App. Feb. 22, 2017). In that motion, the Appellant argued his sentences were illegal because the trial court misapplied enhancement factors. This Court disagreed, noting that the sentences imposed were

within the appropriate statutory ranges. *See* Tenn. Code Ann. §§ 39-13-403(b); 39-14-403(b); 40-35-112; 40-35-501. On June 5, 2017, the Appellant filed his second motion to correct an illegal sentence. The Appellant again complained the trial court erroneously sentenced him to the maximum sentence within the applicable range for the especially aggravated robbery conviction. The trial court summarily dismissed the motion because the issue was previously decided. This appeal ensued. Following the filing of the record on appeal and the Appellant's brief, the State filed a motion to affirm the ruling of the trial court pursuant to Rule 20. For the reasons stated below, said motion is hereby granted.

As we previously stated:

Rule 36.1 of Tennessee Rules of Criminal Procedure allows a petitioner to "seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a). The rule defines an "illegal sentence" as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." *Id*. Only fatal errors are capable of rendering a sentence illegal. *Cantrell v. Easterling*, 346 S.W.3d 445, 452 (Tenn. 2011). A trial court's misapplication of enhancing and mitigating factors, however, is considered an appealable error that can only be "addressed on direct appeal and not in a post-conviction or habeas corpus proceeding." *Id*. at 451; *State v. Wooden*, 478 S.W.3d 585, 595-96 (Tenn. 2015). "'[A]ttacks on the correctness of the methodology by which a trial court imposed [a] sentence' will not rise to the level of an illegal sentence." *State v. Joseph B. Thompson*, No. E2015-01963-CCA-R3-CD, 2016 WL 2770178, at *1 (Tenn. Crim. App. May 10, 2016) (quoting *Wooden*, 478 S.W.3d at 595).

W2016-00670-CCA-R3-CD at 2. The Appellant's current complaint about being sentenced to the maximum sentence within the applicable range falls squarely within the category of appealable errors and is thus not actionable in a Rule 36.1 motion. Accordingly, this Court's analysis in the previous appeal controls the outcome herein. The trial court did not err in summarily dismissing the motion. Tenn. R. Crim. P. 36.1(b)(2).

The Appellant also raises for the first time in his brief on appeal a claim that his sentence violates the principles announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004). Issues raised for the first time on appeal are considered waived. *See State v. Johnson*, 970 S.W.2d 500, 508 (Tenn. Crim. App. 1996). Regardless, the Appellant would not otherwise be entitled to relief on

that claim. *See State v. Rafael Antonio Bush*, No. M2016-01537-CCA-R3-CD, 2017 WL 2376825 at*7 (Tenn. Crim. App. June 1, 2017).

The ruling of the trial court is hereby affirmed in accordance with Court of Criminal Appeals Rule 20.

_____
JOHN EVERTT WILLIAMS, JUDGE